IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| JAMES CONSORT and GILLIAN CONSORT, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHWEST CORPORATION and DAVEY TREE, INC.,<br><br>Defendants. | No. CV 20-10-BU-SEH<br><br>ORDER |

Defendant NorthWestern Corporation[1] removed this action from state court by Notice of Removal[2] filed on March 11, 2020. However, jurisdiction is not well-pleaded.

The removal statute is strictly construed against removal jurisdiction.[3] The "strong presumption" against removal jurisdiction requires that a defendant carry

---

[1] Defendant is identified as "Northwest Corporation" in the Complaint. Defendant identifies itself as "NorthWestern Corporation" in the Notice of Removal. Hereafter, the Court will refer to Defendant as "NorthWestern Corporation."

[2] Doc. 1.

[3] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

the burden of showing removal is proper.[4] "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[5]

The Notice of Removal[6] asserts federal jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) and (b).[7] 28 U.S.C. § 1332(a)(1) states:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;

Residence of Plaintiffs and Defendant Davey Tree, Inc. is alleged.[8] Citizenship cannot be established by allegation of residency.[9] Diversity of citizenship is not pleaded.

28 U.S.C. § 1446 describes the process for removing a case from state to federal court. 28 U.S.C. § 1446(b)(2)(A) states:

---

[4] *Id.*

[5] *Id.*

[6] Doc. 1.

[7] *See* Doc. 1 at ¶ 9.

[8] *See* Doc. 1 at ¶¶ 7–8.

[9] *Id.*

> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

"[C]ourts have recognized the 'rule of unanimity,' which requires that in an action with multiple named defendants, one defendant can remove the case to federal court so long as all other named defendants join in the notice of removal."[10] "It is [ ] settled that a named defendant a plaintiff has not served need not join in a notice of removal."[11]

The Notice of Removal[12] does not state whether Defendant Davey Tree, Inc. has been served or consents to removal. Jurisdiction has not been established.

Fed. R. Civ. P. 12(h)(3) contemplates that lack of jurisdiction can be raised at any time. Moreover, the objection may be raised by a party, or by the court's own initiative, at any stage in the litigation, even after the trial and judgment entry.[13]

---

[10] *Mitchell v. Paws Up Ranch, LLC*, 597 F. Supp. 2d 1132, 1135 (D. Mont. 2009) (quoting *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986)).

[11] *Mitchell*, 597 F. Supp. at 1135 (citing *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984)).

[12] Doc. 1.

[13] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

ORDERED:

This case will be remanded to state court on March 26, 2020, unless Defendant NorthWestern Corporation files an amended notice of removal and otherwise takes all steps necessary to establish of record that this Court's jurisdiction has appropriately been invoked.

DATED this 19th day of March, 2020.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge